Floyd H. **NELSON**, Plaintiff—Appellant,

v.

Jeanne **WOODFORD**, individually and/or in her official capacity as director of the California Department of Corrections; et al., Defendants—Appellees.

No. 06–15630.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Sept. 27, 2007.

Floyd H. Nelson, Crescent City, CA, pro se.

Trace O. Maiorino, Esq., Attorney General of the State of California, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Floyd H. Nelson appeals pro se from the district court's summary judgment for defendants in Nelson's 42 U.S.C. § 1983 action alleging that he was unconstitutionally prohibited from receiving sexually explicit and obscene publications while a California state prisoner. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly concluded that the regulations prohibiting Nelson's possession of obscene or sexually explicit material, 15 Cal.Code Reg. §§ 3006(c)(15) & (17), respectively, are constitutional because the regulations' underlying policies are reasonably related to legitimate penological interests. *See, e.g., Mauro v. Arpaio,* 188 F.3d 1054, 1058–63 (9th Cir.1999) (en banc) (upholding Arizona prison policy banning possession of sexually explicit material against First Amendment challenge). The district court also properly concluded that Nelson failed to demonstrate "that there is a genuine issue of material fact regarding the applicability of the regulations to the [withheld] materials." *Bahrampour v. Lampert,* 356 F.3d 969, 973 (9th Cir.2004). Accordingly, summary judgment was proper.

**AFFIRMED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.